UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAFAEL E. PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, BRIAN C. CORNELL, MICHAEL J. FIDDELKE, AND A. CHRISTINA HENNINGTON,<br><br>Defendants. | Case No. 0:23-cv-00769-PJS-TNL |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF GARY SCHAEDEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...... ii

I. INTRODUCTION ...................................................................................1

II. SUMMARY OF THE ACTION ............................................................3

III. ARGUMENT ..........................................................................................4

    A. Gary Schaedel Should Be Appointed Lead Plaintiff ...................4

        1. Gary Schaedel's Motion Is Timely ........................................6

        2. Gary Schaedel Has the Largest Financial Interest ................6

        3. Gary Schaedel Satisfies the Relevant Requirements of Rule 23 ...............................................................................7

    B. Gary Schaedel's Selection of Counsel Should Be Approved .......9

IV. CONCLUSION .....................................................................................10

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Cavanaugh v. U.S. Dist. Court for N. Dist. of Cal.*,
 306 F.3d 726 (9th Cir. 2002) .................................................................................. 2, 7, 9

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
 586 F.3d 703 (9th Cir. 2009) ......................................................................................... 9

*Erickson v. Hutchinson Tech. Inc.*,
 Nos. 15-cv-4261 (DSD/LIB), *et al.*,
 2016 WL 8199314 (D. Minn. Apr. 1, 2016) ............................................................... 7, 8

**STATUTES & RULES**

Fed. R. Civ. P. Rule 23(a) ..................................................................................................... 7

Private Securities Litigation Reform Act of 1995 ("PSLRA"),
15 U.S.C. § 78u-4(a), *et seq* ............................................................................................. 1
 15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................... 4
 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ................................................................................. 5
 15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................. 4, 5
 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................ 5, 6
 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................... 6
 15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................. 2, 9

Lead Plaintiff Movant Gary Schaedel respectfully submits this Memorandum of Law in support of his motion for: (1) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (2) approval of his selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel for the class.

## I. INTRODUCTION

The above-captioned action (the "Action") is a securities class action brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), against Target Corporation ("Target" or the "Company") and certain of its current and former executive officers and directors (collectively, "Defendants"). The Action is brought on behalf of all persons who purchased Target common stock between August 18, 2021, and May 17, 2022, inclusive (the "Class Period").

The PSLRA allows any member or group of members of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)-(B). Specifically, the PSLRA requires a court to appoint as lead plaintiff the movant or group of movants: (1) making a timely motion under the PSLRA's sixty-day deadline; (2) asserting the largest financial interest among the movants seeking appointment as lead plaintiff; and

(3) that satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See id.* § 78u-4(a)(3)(B)(iii).[1]

Gary Schaedel respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Gary Schaedel's motion is timely and his losses of approximately $194,424.39 on a last-in, first-out ("LIFO") basis in connection with his transactions in Target common stock during the Class Period represent the largest known financial interest in the relief sought by the class. *See* Declaration of Matthew M. Guiney ("Guiney Decl."), Exs. A-B. In addition to asserting the largest financial interest, Gary Schaedel easily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class. Moreover, as set forth in his Declaration, Gary Schaedel fully understands the Lead Plaintiff's obligations to the class under the PSLRA and is willing and able to undertake those responsibilities to guarantee vigorous prosecution of this litigation. *See* Guiney Decl., Ex. C. Lastly, Gary Schaedel has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, Gary Schaedel's selection of Wolf Haldenstein as Lead Counsel for the class should be approved. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh v. U.S. Dist. Court for N. Dist. of Cal.*, 306 F.3d 726, 734 (9th Cir. 2002) ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff."). Wolf Haldenstein has an extensive history of prosecuting complex actions under the PSLRA. Thus, the class can be assured of

---

[1] Unless otherwise noted, all emphases are added and all internal citations and quotation marks are omitted.

zealous representation if Gary Schaedel's selection of Wolf Haldenstein as Lead Counsel is approved.

## II.  SUMMARY OF THE ACTION

Target, incorporated under the laws of the State of Minnesota with its main operational offices in Minneapolis, Minnesota, is a major retailer of five "core" product categories—apparel, food and beverage, essentials and beauty, home, and hardlines. The Action alleges that, during the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts, about the Company's business, operations, and prospects. Specifically, Defendants misrepresented and/or failed to disclose the following adverse facts pertaining to Target's business, operations, and prospects: (i) Target's strategy for mitigating supply-chain constraints by over-ordering inventory had severely limited the Company's ability to timely respond to evolving consumer behavior; (ii) as a result, the purported "massive influx of insights" gained from the extraordinary heightened demand during the pandemic could not be leveraged by Target to react to rapidly changing trends; and (iii) as a result of Target's inability to timely react to changes in consumer trends, Target's sales declined and the Company was left with an overabundance of inventory, forcing Target to take large markdowns, and severely impacting the Company's financial results. As a result of the foregoing, Target's public statements were materially false and misleading at all relevant times.

Investors began to learn the truth on May 18, 2022, when Target filed a press release containing the Company's financial and operating results for the first quarter ended

April 30, 2022, which revealed that Target had missed profit estimates widely, with cost of goods sold increasing 10% year over year and operating income declining to $1.3 billion from $2.4 billion in the prior year. In the filing, Target also revealed that its operating margin was "well below expectations, driven primarily by gross margin pressure reflecting actions to reduce excess inventory…." Target further explained that the "gross margin rate reflected higher markdown rates, driven largely by inventory impairments and actions to address lower-than-expected sales in discretionary categories…."

On an earnings call for investors held before trading on that same day, Defendant Fiddelke noted that Target's gross margin for the quarter was down nearly 4.3%, with approximately 3% of the 4.3% decline due to "the combined impact of impairments, markdowns, and other actions taken to rightsize our inventory position in categories that were too heavy…." Defendant Cornell attributed the excess inventory to Target's inability to anticipate the pace at which consumers "continue[d] refocusing their spending away from goods and into services[.]"

On this news, Target's stock price declined $53.67 per share, or nearly 25%, from a close of $215.28 per share on May 17, 2022, to a close of $161.61 on May 18, 2022.

### III.   ARGUMENT

#### A.   Gary Schaedel Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

4

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice *See id.* § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member or group of members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See id.* § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member or group of class members and shall appoint as lead plaintiff the movant or movant group that the court determines to be most capable of adequately representing the interests of class members. *See id.* § 78u-4(a)(3)(B)(i). In selecting the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant or movant group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii)(I).

5

Here, Gary Schaedel is the "most adequate plaintiff" because he: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this motion. *Id.*

### 1. Gary Schaedel's Motion Is Timely

The PSLRA allows any member of the class or group of class members to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Here, in connection with Plaintiff Rafael E. Perez's filing of the Action, notice was published in *AccessWire* on March 29, 2023, alerting investors to the pendency of the Action and informing them of the May 30, 2023 deadline to seek appointment as Lead Plaintiff. *See* Guiney Decl., Ex. D. Accordingly, Gary Schaedel has timely moved for appointment as Lead Plaintiff.

### 2. Gary Schaedel Has the Largest Financial Interest

The PSLRA presumes that the movant or movant group asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Gary Schaedel suffered losses of approximately $194,424.39 on a LIFO basis in connection with his Class Period transactions in Target common stock. *See* Guiney Decl., Exs. A-B. To the best of Gary Schaedel's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation. Accordingly, Gary Schaedel has the largest financial interest of any qualified movant or movant group seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. Gary Schaedel Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides that a party or group of parties may serve as a class representative if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). However, at this stage of litigation, a presumptive lead plaintiff need only make "a prima facie showing of typicality and adequacy." *Cavanaugh*, 306 F.3d at 731.

#### a) Gary Schaedel Is Typical

The typicality requirement is satisfied where the plaintiffs' claims "arise from the same series of events or are based on the same legal theories as the claims of all the class members." *Erickson v. Hutchinson Tech. Inc.*, Nos. 15-cv-4261 (DSD/LIB), *et al.*, 2016 WL 8199314, at *4 (D. Minn. Apr. 1, 2016). Gary Schaedel satisfies the typicality requirement because, just like all other proposed class members, he seeks recovery for the losses on his investments in Target common stock that he incurred as a result of

7

Defendants' misrepresentations and omissions. Thus, Gary Schaedel's claims arise from the same conduct as those of the other class members and he satisfies Rule 23's typicality requirement. *See id.* at *7.

### b) Gary Schaedel Is Adequate

The adequacy element of Rule 23 requires the Lead Plaintiff to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Thus, the adequacy element is satisfied if movants can show that: "(1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously and (2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge." *Hutchinson*, 2016 WL 8199314, at *5.

Here, Gary Schaedel is adequate because his interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and/or misleading statements. There is no antagonism or potential conflict between Gary Schaedel's interests and those of the other members of the class, and Gary Schaedel is fully committed to vigorously pursuing the claims on behalf of the class. Moreover, as set forth in his Declaration, Gary Schaedel fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents, and are willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation. *See* Guiney Decl., Ex. C, ¶¶ 1, 4-5.

Additionally, Gary Schaedel is committed to ensuring that this litigation is prosecuted in an efficient and effective manner. Specifically, Gary Schaedel has already taken measures to ensure that the claims of the class are vigorously and effectively prosecuted in the best interests of the class. Further, Gary Schaedel has demonstrated his adequacy through his selection of Wolf Haldenstein to serve as Lead Counsel for the class. As discussed more fully below, Wolf Haldenstein is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex actions in an efficient, effective, and professional manner.

In sum, Gary Schaedel has demonstrated his willingness, resources, and commitment to working closely with Lead Counsel and obtaining the best possible recovery for the class.

### B. Gary Schaedel's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff."). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

Here, Gary Schaedel has selected and retained Wolf Haldenstein to serve as Lead Counsel for the class. Wolf Haldenstein specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Guiney Decl., Ex. E. The

9

firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained substantial recoveries in those cases.

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Gary Schaedel's selection of Wolf Haldenstein as Lead Counsel for the class.

## IV.   CONCLUSION

For the reasons discussed above, Gary Schaedel respectfully requests that the Court appoint him as Lead Plaintiff, approve his selection of Wolf Haldenstein as Lead Counsel for the class, and grant any such further relief as the Court may deem just and proper.

Dated: May 30, 2023

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:   */s/ Carl V. Malmstrom*
Carl V. Malmstrom

MATTHEW M. GUINEY
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
guiney@whafh.com

*Proposed Lead Counsel for the Class*

CARL MALMSTROM (#0391908)
111 West Jackson Blvd.
Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
malmstrom@whafh.com

*Proposed Local Counsel for the Class*

**THE SCHALL LAW FIRM**

BRIAN SCHALL
2049 Century Park East
Suite 2460
Los Angeles, CA 90067
Telephone: (213) 509-5739
brian@schallfirm.com

*Additional Proposed Counsel for the Class*

# **LR 7.1(f) WORD COUNT COMPLIANCE CERTIFICATE**

I, Matthew M. Guiney, certify that the Memorandum of Law in Support of the Motion of Gary Schaedel for Appointment as Lead Plaintiff and Approval of His Selection of Counsel ("Memorandum") complies with Local Rules 7.1(f) and 7.1(h).

I further certify that, in preparation of the Memorandum, Microsoft Office Word 2016 was used and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

I further certify that the above-referenced Memorandum contains 2,924 words.

Dated: May 30, 2023

                                          Respectfully submitted,

                                          **WOLF HALDENSTEIN ADLER
                                             FREEMAN & HERZ LLC**

                                          *s/Carl V. Malmstrom*
                                          CARL MALMSTROM (#0391908)
                                          111 West Jackson Blvd.
                                          Suite 1700
                                          Chicago, IL 60604
                                          Telephone: (312) 984-0000
                                          malmstrom@whafh.com

                                          *Proposed Local Counsel for the Class*