## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RAFAEL E. PEREZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>TARGET CORPORATION, BRIAN C. CORNELL, MICHAEL J. FIDDELKE, and A. CHRISTINA HENNINGTON,<br><br>    Defendants. | Case No. 23-cv-00769-PJS-TNL<br><br>CLASS ACTION |

## MEMORANDUM OF LAW IN SUPPORT OF BRIAN HOWARD'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF COUNSEL

Movant Brian Howard ("Movant") respectfully submits this memorandum of law in support of his motion for appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and approval of their selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Lockridge Grindal Nauen P.L.L.P. ("Lockridge") as Liaison Counsel for the proposed class.

## PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned securities class action lawsuit (the "Action") alleging violations of the Exchange Act against Defendants.  The Action is brought on behalf of all persons or entities (the "Class") that purchased the common stock of Target Corporation ("Target" or the "Company") between August 18, 2021 and May 17, 2022, inclusive (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiffs are the movants that have both the largest financial interest in the litigation and have made a *prima facie* showing that they are typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Movant satisfies these requirements and should be appointed as Lead Plaintiff.  Movant lost $74,022 on his transactions in Target common stock.  Movant is an educator with an Educational Specialist degree (equivalent to two

1

Master's degrees), lives in Nashville, Tennessee, and has been investing for approximately 14 years. Movant believes that his loss constitutes the largest financial interest in the Action and that his substantial financial interest will ensure his vigorous prosecution of the Class's claims. Movant also satisfies Federal Rules 23(a)(3) and (a)(4) as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, Movant has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, Movant respectfully requests that the Court grant his motion to be appointed as Lead Plaintiff and approve his selection of Bernstein Liebhard as Lead Counsel and Lockridge Grindal Nauen P.L.L.P. ("Lockridge Grindal") as Liaison Counsel.

## SUMMARY OF ALLEGATIONS

Plaintiff alleges that Target made materially false and/or misleading statements and/or failed to disclose that: (i) Target's strategy for mitigating supply-chain constraints by over-ordering inventory had severely limited the Company's ability to timely respond to evolving consumer behavior; (ii) as a result, the purported "massive influx of insights" gained from the extraordinary heightened demand during the pandemic could not be leveraged by Target to react to rapidly changing trends; and (iii) as a result of Target's inability to timely react to changes in consumer trends, Target's sales declined and the Company was left with an overabundance of inventory, forcing Target to take large markdowns, and severely impacting the Company's financial results.

2

**ARGUMENT**

**I.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF**

     **A.     The Procedure Required by the PSLRA**

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the "person or group of persons" that:

    i)        has either filed the complaint or made a motion in response to an Early Notice;

    ii)       in the determination of the court, has the largest financial interest in the relief sought by the class; and

3

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of
        Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth herein, Movant meets the foregoing criteria, and is therefore entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

**B.    Movant Is the Most Adequate Lead Plaintiff**

Movant respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to the Early Notice, believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**1.    Movant's Motion is Timely**

On March 29, 2023, the Early Notice was published. *See* Declaration of Gregg M. Fishbein ("Fishbein Decl."), Ex. A. Accordingly, putative class members had until May 30, 2023 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Movant has timely filed his motion in response to the Early Notice. Additionally, Movant's filed sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his

4

review of the complaint in the Action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Fishbein Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.    Movant Believes That He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant lost $74,022 in connection with his transactions in Target common stock. *See* Fishbein Decl., Ex. C.  Movant is not aware of any other movant that has a greater financial interest than him in this litigation.  Accordingly, Movant believes that he has the largest financial interest in this litigation.

### 3.    Movant Meets the Requirements of Fed. R. Civ. P. 23

At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary.  *Mas v. KV Pharm. Co*., Nos. 4:08-CV-1859 (CEJ) et al., 2009 U.S. Dist. LEXIS 32000, at *5 (E.D. Mo. Apr. 15, 2009); *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).  Movant satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are

the only Rule 23 provisions relevant to a determination of lead plaintiff under the PSLRA. *Id.*

### i.   Movant's Claims Are Typical of Those of the Class

"Typicality exists where the plaintiff's claims arise from the same series of events or are based on the same legal theories as the claims of all the class members." *Kops v. NVE Corp.*, No. Civil File Nos. 06-574 (MJD/JJG), 06-982 (MJD/JJG), 06-997 (MJD/JJG)., 2006 U.S. Dist. LEXIS 49713, at *10 (D. Minn. Jul. 17, 2006).  Movant's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class.

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and
- The members of the Class sustained damages and in what amount.

Since Movant's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### ii.   Movant Will Adequately Protect the Interests of the Class

Under the PSLRA, "'[t]o satisfy the adequacy requirement, Plaintiffs must show that (1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously and (2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge.'" *Id.* at *18 (quoting *In re GenesisIntermedia Secs. Litig.*, 232 F.R.D. 321, 330 (D. Minn. 2005)).

Movant is an adequate Lead Plaintiff.  Movant and the other members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Movant's substantial financial stake in the litigation, Class members can be assured that Movant has the incentive to vigorously prosecute the claims.

Movant has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel and Lockridge as Liaison Counsel for the proposed Class.  *See In re Dynegy, Inc. Securities Litig.,* 226 F.R.D. 263, 269 (S.D. Tex. 2004) (adequacy requirement mandates inquiry into "zeal and competence" of counsel…").  As discussed more fully below, these firms are highly qualified and experienced in the areas of securities class action litigation.

## II.   THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class.  *See* Fishbein Decl., Ex. D (Firm Résumé of Bernstein Liebhard).  Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *Valdes v. Kandi Technologies Group, Inc.,* No. 2:20-cv-06042-LDH-AYS (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.,* No. 2:20-cv-04240-MCA-

MAH (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770-ERK-VMS (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country.  In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years.  Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement);

- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement)

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

8

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Proposed Liaison Counsel Lockridge also has extensive securities class action experience and is well-suited to serve as Liaison Counsel for the class. *See* Fishbein Decl. Ex. E.

## CONCLUSION

For the foregoing reasons, Movant respectfully request that this Court: (1) appoint him as Lead Plaintiff; (2) approve his selection of Bernstein Liebhard as Lead Counsel and Lockridge as Liaison Counsel for the proposed Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: May 30, 2023

Respectfully submitted,

*/s/ Gregg M. Fishbein*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Gregg M. Fishbein (#202009)
Karen Hanson Riebel (#219770)
Kate M. Baxter-Kauf (#0392037)
100 Washington Avenue S | Suite 2200 |
Minneapolis MN 55401
V: 612-339-6900
F: 612-339-0981
gmfishbein@locklaw.com
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com

*Proposed Liaison Counsel for the Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
V: (212) 779-1414
F: (212) 779-3218
lhasson@bernlieb.com
seidman@bernlieb.com

*Proposed Lead Counsel for the Class*

10