**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| RAFAEL E. PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, BRIAN C. CORNELL, MICHAEL J. FIDDELKE, AND A. CHRISTINA HENNINGTON,<br><br>Defendants. | Case No. 0:23-cv-00769-PJS-TNL |

**GARY SCHAEDEL'S MEMORANDUM IN RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## I.    INTRODUCTION

The Private Securities Litigation Reform Act of 1995 ("PSLRA") specifies that the presumptive lead plaintiff in a securities class action is the movant with the largest financial interest that also meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Here, while three motions[1] are pending before the Court filed by movants seeking appointment as lead plaintiff, only one movant satisfies all of the statutory criteria for appointment: Gary Schaedel.  Indeed, Movant Gary Schaedel ("Mr. Schaedel") filed a timely motion, has the largest financial interest, and satisfies the Rule 23 requirements.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Moreover, Mr. Schaedel is committed to actively prosecuting this litigation and has chosen counsel experienced in prosecuting securities class actions, Wolf Haldenstein Adler Freeman & Herz LLP.  *See* ECF No. 27-3, Ex. C at ¶¶ 3, 7.

By contrast, the other competing movants have a significantly smaller financial interest than Mr. Schaedel's class period loss of $194,424.39 (ECF. No. 27-2, Ex. B).  The movant with the second largest loss, the Terry and Diane Van Der Tuuk Living Trust (the "Tuuk Living Trust"), suffered a loss of $126,041.31 (ECF No. 24-1, Ex. B), followed by Brian Howard with a loss of $74,022.94 (ECF No. 32-3, Ex. C).

To rebut the presumption in Mr. Schaedel's favor, the competing movants are required to submit proof that Mr. Schaedel is either subject to a unique defense or is unable

---

[1] Movants John Zlatic and Chester Zoll filed a Notice of Non Opposition to Competing Motions for Appointment as Lead Plaintiff and Approval of Selection of Counsel on June 1, 2023.  ECF No. 46.

to adequately represent the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  But the competing movants will be unable to submit any such proof because none exists.

Accordingly, because the competing movants cannot trigger the presumption and cannot rebut it, Mr. Schaedel is entitled to the PSLRA's "most adequate plaintiff" presumption and should be appointed as Lead Plaintiff and his choice of Lead Counsel should be approved.  The Tuuk Living Trust's and Brian Howard's motions should thus be denied.

## II.    ARGUMENT

Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  This presumption can only be rebutted "upon proof that the proposed lead plaintiff '(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Erickson v. Hutchinson Tech. Inc.*, 2016 WL 8199314, at *3 (D. Minn. Apr. 4, 2016) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)).

**A. The Competing Movants Lack the Largest Financial Interest and Cannot Trigger the Most Adequate Plaintiff Presumption**

i.      Gary Schaedel Has the Largest Loss and Financial Interest

The process for selecting a lead plaintiff is "straightforward" and "sequential." *See In re Cavanaugh*, 306 F.3d 726, 729-30, 732 (9th Cir. 2002). "The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Id.* at 732 (emphasis added). The PSLRA, in other words, "'provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case.'" *Kops v. NVE Corp.*, 2006 WL 2035508, at *3 (D. Minn. July 19, 2006) (quoting *Cavanaugh*, 306 F.3d at 732).

Here, the Tuuk Living Trust and Brian Howard do not possess the largest financial interest in the relief sought by the class. Gary Schaedel's class period loss is $194,424.39 (ECF. No. 27-2, Ex. B), which is substantially higher than the Tuuk Living Trust's loss of $126,041.31 (ECF No. 24-1, Ex. B) and Brian Howard's loss of $74,022.94 (ECF No. 32-3, Ex. C).

| Movant | Loss |
|---|---|
| Gary Schaedel | $194,424.39 |
| Tuuk Living Trust | $126,041.31 |
| Brian Howard | $74,022.94 |

Accordingly, Gary Schaedel undeniably possesses the largest financial interest.

ii.     Potential Arguments Regarding Gary Schaedel As a Net Seller Have No Merit

To the extent that any of the other competing movants argue that Gary Schaedel is a net seller during the Class Period, and therefore does not have the greatest financial interest, that argument is without merit.

When determining which applicant for lead plaintiff has the largest financial interest, courts generally rely upon the four factors set out in *Lax v. First Merchants Acceptance Corp.*, No. 97-CV-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997). *Born v. Quad/Graphics, Inc.*, No. 19-CV-10376 (VEC), 2020 WL 994427, at *1 (S.D.N.Y. Mar. 2, 2020) (citing *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011)). Those four factors are: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Id.* (citing *Richman*, 274 F.R.D. at 475).

However, those factors do not carry equal weight, as the fourth factor is "well-established to be the 'critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures.'" *Id.* (citing *Richman*, 274 F.R.D. at 479). Here, Gary Schaedel unquestionably has the largest loss and, therefore, also the largest financial interest. *See also In re Molson Coors Brewing Co. Sec. Litig.*, No. 19-CV-00455-DME-MEH, 2019 WL 10301639, at *2 (D. Colo. Oct. 3, 2019) ("Numerous other courts have appointed a net share seller as lead plaintiff when such party's losses are biggest among the competing shareholders.").

4

Indeed, there is virtually no debate that the fourth *Lax* Factor is the determining factor in deciding which of the competing movants possesses the largest financial interest under the PSLRA. ("Most courts agree that the largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures." *Richman,* 274 F.R.D. at 479.); ("While courts differ on the precise weight to apply to each factor, most courts agree that fourth factor—the approximate losses suffered—is the most salient factor in assessing the lead plaintiff." *City of Sterling Heights*, 2012 WL 1339678, at *3 (N.D. Ill. Apr. 18, 2012)). *See also Lian v. Tuya Inc.*, No. 22 CIV. 6792 (JPC), 2022 WL 17850134, at *2 (S.D.N.Y. Dec. 22, 2022); *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, No. 22 CIV. 6339 (JPC), 2023 WL 3750115, at *3 (S.D.N.Y. June 1, 2023); *Robison v. Dig. Turbine, Inc.*, No. 1:22-CV-00550-DAE, 2022 WL 17881476, at *6 (W.D. Tex. Dec. 19, 2022). Indeed, even counsel for the Tuuk Living Trust has conceded as much. *See* Opposition/Response re: Motion to Appoint Lead Plaintiff in *Scheller v. Nutanix, Inc.*, No. 19-CV-01651-WHO (N.D. Cal.), ECF No. 68 at p. 10 of 16 ("Out of the four [Lax] factors, the approximate loss factor is the most important.").

"Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 732. Here, Mr. Schaedel easily satisfies the Rule 23 requirements.

**B. Gary Schaedel Satisfies the Rule 23 Requirements and Is Entitled to the Most Adequate Plaintiff Presumption**

"If the plaintiff with the largest financial stake in the controversy provides information that satisfies [the Rule 23] requirements, [it] becomes the presumptively most adequate plaintiff." *Id.* at 730; *Kops*, 2006 WL 2035508, at \*3 (same). "The lead plaintiff need only make a preliminary showing that it has claims that are typical to the putative class and has the capacity to provide adequate representation for those class members." *Erickson*, 2016 WL 8199314, at \*4. Mr. Schaedel satisfies the Rule 23 requirements.

Indeed, Mr. Schaedel seeks to represent the same putative class and alleges the same claims as the initial complaint. *See* ECF No. 26. Mr. Schaedel demonstrated he purchased Target Corporation stock during the Class Period, as did the other class members, which subsequently lost significant value as a result of defendants' alleged actions and false statements. *See id.* at 2; ECF. No. 27-2, Ex. B. Mr. Schaedel is not subject to any unique defenses that defendants might assert against him that the other class members would not also be subject to. *See* ECF No. 26 at 7-8. Nor is there any evidence of conflicts between Mr. Schaedel and the other class members. *Id.*

Consequently, Mr. Schaedel satisfies the Rule 23 requirements and is entitled to the most adequate plaintiff presumption.

And, while the presumption is rebuttable, the competing movants will not be able to provide the requisite proof sufficient to warrant denial of Mr. Schaedel's motion. Accordingly, because the Tuuk Living Trust and Brian Howard can neither trigger the presumption nor rebut it, their motions should be denied.

## III.   CONCLUSION

The investor with the largest financial interest that satisfies the Rule 23 requirements is entitled to the PSLRA's most adequate plaintiff presumption.   The competing movants cannot rebut the presumption in Gary Schaedel's favor with the requisite proof.   As such, the Tuuk Living Trust's and Brian Howard's motions should be denied and Gary Schaedel respectfully requests that he be appointed Lead Plaintiff and his selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel be approved.

Dated: June 6, 2023

By:   */s/ Carl V. Malmstrom*
Carl V. Malmstrom

MATTHEW M. GUINEY
**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
guiney@whafh.com

*Proposed Lead Counsel for the Class*

CARL MALMSTROM (#0391908)
**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLC**
111 West Jackson Blvd., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
malmstrom@whafh.com

*Proposed Local Counsel for the Class*

BRIAN SCHALL
**THE SCHALL LAW FIRM**

7

2049 Century Park East
Suite 2460
Los Angeles, CA 90067
Telephone: (213) 509-5739
brian@schallfirm.com

*Additional Proposed Counsel for the Class*

8

## <u>LR 7.1(f) WORD COUNT COMPLIANCE CERTIFICATE</u>

I, Carl Malmstrom, certify that the Response Memorandum In Support of His Motion For Appointment As Lead Plaintiff and Approval of His Selection of Counsel ("Memorandum") complies with Local Rules 7.1(f) and 7.1(h).

I further certify that, in preparation of the Memorandum, Microsoft Office Word 2016 was used and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

I further certify that the above-referenced Memorandum contains 1,894 words.

Dated: June 6, 2023                         Respectfully submitted,

                                            */s/Carl V. Malmstrom*
                                            CARL V.MALMSTROM (#0391908)
                                            **WOLF HALDENSTEIN ADLER
                                              FREEMAN & HERZ LLC**
                                            111 West Jackson Blvd., Suite 1700
                                            Chicago, IL 60604
                                            Telephone: (312) 984-0000
                                            malmstrom@whafh.com

                                            *Proposed Local Counsel for the Class*