UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rafael E. Perez, *individually and on behalf of all others similarly situated*, | Case No. 23-cv-769 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| Target Corporation, Brian C. Cornell, Michael J. Fiddelke, and A. Christina Hennington, | |
| Defendants. | |

This matter comes before the Court on several motions pursuant to 15 U.S.C. § 78u-4(a)(3)(B) for appointment as lead plaintiff and approval of lead plaintiff's selection of counsel in this putative securities class action filed by movants Terry and Diane Van Der Tuuk Living Trust (the "Trust"), Gary Schaedel, Brian Howard, and John W. Zlatic and Chester Zoll ("Zlatic & Zoll"). *See generally* ECF Nos. 19, 25, 29, 34. The Trust, Howard, and Zlatic & Zoll subsequently filed notices of non-opposition to Schaedel's motion and the motions were taken under advisement on the papers, without a hearing. *See generally* ECF Nos. 46, 48, 51, 53.

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court is required to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttal presumption that

1

the "most adequate plaintiff" is the member who has (1) filed the complaint or moved for appointment as lead plaintiff; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). Subject to court approval, the most adequate plaintiff "select[s] and retain[s] counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v).

As for the first two requirements, Schaedel's motion is timely and unopposed. Schaedel alleges losses of $194,424.39 in connection with his Target stock during the class period. Schaedel Mem. in Supp. at 2, ECF No. 26; *see* Exs. A through C to Decl. of Carl V. Malmstrom, ECF Nos. 27-1 through 27-3. The Trust, Howard, and Zlatic & Zoll have each acknowledged that they do not appear to have the "largest financial interest" at stake. ECF No. 46 at 1-2; ECF No. 48 at 2; ECF No. 51 at 2.

As to the third requirement, Schaedel "is entitled to lead plaintiff status so long as he satisfies the typicality and adequacy requirements of Rule 23." *Mart v. Tactile Sys. Tech., Inc.*, No. 20-cv-2074 (NEB/BRT), 2021 WL 321624, at *2 (D. Minn. Feb. 1, 2021); *see also, e.g.*, *Steamfitters Local 449 Pension & Retirement Sec. Funds v. Sleep Number Corp.*, No. 21-cv-2669 (PJS/BRT), 2022 WL 1607306, at *3 (D. Minn. May 20, 2022) [hereinafter *Steamfitters*]; *Erickson v. Hutchinson Tech. Inc.*, Nos. 15-cv-4261, 15-cv-4321, 15-cv-4338, 15-cv-4356 (DSD/LIB), 2016 WL 8199314, at *4 (D. Minn. Apr. 1, 2016), *report and recommendation adopted*, 2016 WL 8200934 (D. Minn. Apr. 20, 2016). "Typicality exists where the plaintiff's claims arise from the same series of events or are based on the same legal theories as the claims of all the class members." *Erickson*,

2016 WL 8199314, at *4; *accord Mart*, 2021 WL 321624, at *2; *see Steamfitters*, 2022 WL 1607306, at *3. "Adequacy exists where (1) the plaintiff and [his] attorneys 'are able and willing to prosecute the action competently and vigorously' and (2) the plaintiff's 'interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge.'" *Mart*, 2021 WL 321624, at *2 (quoting *Erickson*, 2016 WL 8199314, at *5) (internal quotation omitted); *cf. Steamfitters*, 2022 WL 1607306, at *3. At this stage, Schaedel "need only make a preliminary showing that [he] has claims that are typical to the putative class and has the capacity to provide adequate representation for those class members." *Erickson*, 2016 WL 8199314, at *4; *see Steamfitters*, 2022 WL 1607306, at *3 (initial inquiry into typicality and adequacy requirements "need not be extensive" (quotation omitted)).

Based on the submissions, the Court finds that Schaedel's claims are typical of the claims of the putative class alleged in the Complaint. *Compare* Schaedel Mem. in Supp. at 3-4, 7-8 *with* Compl., ECF No. 1. The Court additionally finds that Schaedel will fairly and adequately protect the interests of the putative class. Schaedel understands that "a lead plaintiff acts on behalf of and for the benefit of all potential class members and oversees and directs counsel throughout the litigation." Ex. C to Malmstrom Decl. ¶ 4. He has also acknowledged the responsibilities associated with serving as the lead plaintiff, "including providing testimony at deposition and trial, if necessary." Ex. A to Malmstrom Decl. ¶ 4; *see* Ex. C to Malmstrom Decl. ¶ 5. There is nothing to suggest that Schaedel's interests are in conflict with the putative class or that he is subject to any unique defenses vis-à-vis the Defendants. And, as discussed below, Schaedel has

proposed the approval of competent and experienced counsel to assist him in representing the interests of the putative class. Accordingly, the Court finds Schaedel to be the most adequate plaintiff and appoints him as lead plaintiff in this action.

"Once the Court has determined the most adequate plaintiff, that plaintiff 'shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Mart*, 2021 WL 321624, at *2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(v)). "The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class." *Id.* Schaedel has selected the law firm of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") to serve as lead counsel for the putative class.[1] Schaedel has submitted the firm resume of Wolf Haldenstein demonstrating its extensive experience in securities and class-action litigation. Based on the evidence before the Court, Wolf Haldenstein is well qualified to represent the putative class. Accordingly, the Court also approves Schadel's selection of Wolf Haldenstein as lead counsel.

Having now appointed Schaedel as lead plaintiff and approved Wolf Haldenstein as lead counsel, the parties shall promptly meet and confer in good faith about a proposed schedule for the filing of an amended complaint or the designation of an operative

---

[1] Primarily in signature blocks, another law firm, the Schall Law Firm, is referenced as "additional proposed counsel for the class." *See, e.g.*, Schaedel Mem. in Supp. at 11; Schaedel Resp. at 7-8, ECF No. 47; Malmstrom Decl. at 3. The Schall Law Firm appears to be representing Schaedel in some capacity. Ex. C to Malmstrom Decl. ¶ 1. Schaedel's motion requests only that Wolf Haldenstein be approved as lead counsel. *See, e.g.*, Schadel's Mem. in Supp. at 9-10; Schadel's Resp. at 8. His proposed order likewise includes only Wolf Haldenstein. ECF No. 28 ¶ 3. Moreover, attorney Brian Schall with the Schall Law Firm was previously informed that if he wanted "to be listed as an attorney of record in this case, he . . . must be admitted to the bar of the U.S. District Court of Minnesota in accordance with Local Rule 83.5(a), (b) and (c) or temporarily admitted pro hac vice in accordance with Local Rule 83.5(d) or (e)." ECF No. 41. No further action has been taken and it does not appear that any members of the Schall Firm are admitted to practice before this Court. *See* Ex. F to Malmstrom Decl., ECF No. 27-6 at 8-11 (listing attorney admissions).

complaint, and the time for Defendants to answer or otherwise respond to that pleading. ECF No. 16 at 1.  The parties shall submit a joint stipulation with a proposed schedule **no later than 14 days from the date of this Order**.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Motion of the Terry and Diane Van Der Tuuk Living Trust for Appointment as Lead Plaintiff and Approval of Selection of Counsel, ECF No. 19, is **DENIED WITHOUT PREJUDICE**.

2. The Motion of Gary Schaedel for Appointment as Lead Plaintiff and Approval of His Selection of Counsel, ECF No. 25, is **GRANTED**.

3. The Motion of Brian Howard for Appointment as Lead Plaintiff and for Approval of Their Selection of Counsel, ECF No. 29, is **DENIED WITHOUT PREJUDICE**.

4. The Motion of John W. Zlatic and Chester Zoll for Appointment as Co-Lead Plaintiffs and Approval of Lead and Liaison Counsel, ECF No. 34, is **DENIED WITHOUT PREJUDICE**.

5. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Gary Schaedel is appointed to serve as lead plaintiff in this matter.

6. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the law firm of Wolf Haldenstein Adler Freeman & Herz LLP is approved as lead counsel.

7. **Within 14 days from the date of this Order**, the parties shall have met and conferred in good faith about a proposed schedule for the filing of an amended complaint or the designation of an operative complaint, and the time for Defendants to answer or otherwise respond to that pleading, and filed a joint stipulation with a proposed schedule.

8. All prior consistent orders remain in full force and effect.

9. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or

the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: August  15  , 2023                     *s/ Tony N. Leung*
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota


                                             *Perez v. Target Corp. et al.*
                                             Case No. 23-cv-769 (PJS/TNL)