UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rafael E. Perez,<br>*individually and on behalf of all others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>Target Corporation,<br>Brian C. Cornell,<br>Michael J. Fiddelke, and<br>A. Christina Hennington,<br><br>        Defendants. | Case No. 23-cv-769 (PJS/TNL)<br><br><br><br><br>**ORDER** |

This matter comes before the Court on Lead Plaintiff Gary Schaedel and Movant the Terry and Diane Van Der Tuuk Living Trust (the "Trust")'s Unopposed Motion to Substitute Lead Plaintiff and Lead Counsel and for Extension of Time, ECF No. 60.

Previously, the Court found that Schaedel had the largest financial interest in the relief sought by the class and was the most adequate plaintiff, and consequently appointed him as lead plaintiff in this putative class action brought pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See generally* ECF No. 54. The Court also approved Schaedel's selection of the law firm of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") to serve as lead counsel for the putative class. *See generally* ECF No. 54. In doing so, the Court denied without prejudice the Trust's motion for appointment as lead plaintiff and approval of its selection of counsel as, at the time, the

1

Trust conceded it did not appear to possess the largest financial interest.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see generally* ECF No. 51; ECF No. 54.

Following further "investigation into the claims asserted in the complaint to inform the drafting of an amended complaint," Schaedel and Wolf Haldenstein have determined that the initial putative class period should be revised.  Unopposed Mot. at 2.  The new putative class period is narrower than the initial period and now runs March 1 through May 17, 2022.[1]  Unopposed Mot. at 2; ECF No. 64 at 1.  Schaedel did not purchase Target stock during this revised period and, consequently, "recognizes he would not have standing to represent a class of investors" for such period.  Unopposed Mot. at 2.

Under the PSLRA, the Court is required to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The Court "plays an important role of protector of the absentee class members' interests; its decision to appoint a lead plaintiff and class counsel to advocate for them places a fiduciary burden on the Court to ensure that their interests receive adequate representation." *Pelletier v. Endo Int'l PLC*, No. 17-cv-5114, 2021 WL 398495, at *10 (E.D. Penn. Feb. 4, 2021) (quotation omitted).  As such, "courts have a continuing duty to reconsider leadership roles if concerns arise about adequately serving the class."  *Id.*; *see also, e.g.*, *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D. N.Y. 2007) ("Courts have

---

[1] In the motion, the new putative class period is described as running through May *18*, 2022.  Unopposed Mot. at 2.  The Court inquired of counsel as to the correctness of the May 18 end date as the period originally noticed ended on May 17, 2022.  ECF No. 24-1 at 8 ("between August 18, 2021 and May 17, 2022, inclusive").  By letter, it was confirmed that the "motion contained an inadvertent typographical error," and the end of the new period was intended to be May 17, consistent with the prior notice.  ECF No. 64 at 1.

2

interpreted their lead plaintiff responsibilities under the PSLRA to encompass a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of class members." (quotation omitted)). Here, consistent with his obligation to act on behalf of and for the benefit of the putative class, Schaedel has candidly advised the Court that he is no longer best suited to do so. *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. at 134 ("It is certainly within the lead plaintiff['s] discretion and, perhaps more importantly, part of a lead plaintiff's responsibility to propose their own withdrawal and substitution should it be discovered that they may no longer adequately represent the interests of the purported plaintiff class.").

Again, there is a rebuttal presumption under the PSLRA that the "most adequate plaintiff" is the member who has (1) filed the complaint or moved for appointment as lead plaintiff; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Subject to court approval, the most adequate plaintiff "select[s] and retain[s] counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v).

As noted above, the Trust previously filed a timely motion for appointment. *See generally* ECF Nos. 19-22, 24; *cf. In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2005 WL 8179740, at *4 (N.D. Cal. Mar. 9, 2005) ("[T]he need to add representative plaintiffs may arise after a case has been initiated. It would turn securities litigation into a game of snakes and ladders to hold that any time a new plaintiff is added, the action must 'go back to square one' and recommence the PSLRA lead plaintiff selection process."). The Trust alleged losses of $126,041.31 in connection with its Target stock,

which was second only to Schaedel.  ECF No. 21 at 11; ECF No. 24-1 at 5.  The only other movants that purchased Target stock during the new, narrower class period were John W. Zlatic and Chester Zoll (collectively, "Zlatic & Zoll").  Unopposed Mot. at 3; *see generally* ECF Nos. 34-37.  Zlatic & Zoll do "not dispute that the Trust is the presumptive lead plaintiff."  Unopposed Mot. at 3.

Accordingly, the Trust "is entitled to lead plaintiff status so long as it satisfies the typicality and adequacy requirements of Rule 23."  *Mart v. Tactile Sys. Tech., Inc.*, No. 20-cv-2074 (NEB/BRT), 2021 WL 321624, at *2 (D. Minn. Feb. 1, 2021); *see also, e.g.*, *Steamfitters Local 449 Pension & Retirement Sec. Funds v. Sleep Number Corp.*, No. 21-cv-2669 (PJS/BRT), 2022 WL 1607306, at *3 (D. Minn. May 20, 2022) [hereinafter *Steamfitters*]; *Erickson v. Hutchinson Tech. Inc.*, Nos. 15-cv-4261, 15-cv-4321, 15-cv-4338, 15-cv-4356 (DSD/LIB), 2016 WL 8199314, at *4 (D. Minn. Apr. 1, 2016), *report and recommendation adopted*, 2016 WL 8200934 (D. Minn. Apr. 20, 2016).  "Typicality exists where the plaintiff's claims arise from the same series of events or are based on the same legal theories as the claims of all the class members."  *Erickson*, 2016 WL 8199314, at *4; *accord Mart*, 2021 WL 321624, at *2; *see Steamfitters*, 2022 WL 1607306, at *3.  "Adequacy exists where (1) the plaintiff and its attorneys 'are able and willing to prosecute the action competently and vigorously' and (2) the plaintiff's 'interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge.'"  *Mart*, 2021 WL 321624, at *2 (quoting *Erickson*, 2016 WL 8199314, at *5) (internal quotation omitted); *cf. Steamfitters*, 2022 WL 1607306, at *3.  At this stage, the Trust "need only make a preliminary showing that it has claims that are typical to the putative class and

4

has the capacity to provide adequate representation for those class members." *Erickson*, 2016 WL 8199314, at *4; *see Steamfitters*, 2022 WL 1607306, at *3 (initial inquiry into typicality and adequacy requirements "need not be extensive" (quotation omitted)).

Based on the submissions, the Court finds that Trust's claims are typical of the claims of the putative class alleged in the Complaint. *Compare* ECF No. 21 at 12-13 *with* ECF No. 1. The Court additionally finds that the Trust will fairly and adequately protect the interests of the putative class. The Trust understands that "a lead plaintiff is required to direct the litigation on behalf of the Class, stay apprised of all material developments of the litigation, and act in the best interests of the Class throughout the litigation." ECF No. 24-1 at 14. The Trust also acknowledges the responsibilities associated with serving as the lead plaintiff, "including providing testimony at deposition and trial, if necessary." ECF No. 24-1 at 2. There is nothing to suggest that the Trust's interests are in conflict with the putative class or that the Trust is subject to any unique defenses vis-à-vis the Defendants. And, as discussed below, the Trust has proposed the approval of competent and experienced counsel to assist it in representing the interests of the putative class. Accordingly, the Court finds the Trust to be the most adequate plaintiff in light of the new, narrowed putative class period. Accordingly, the Court substitutes the Trust for Schaedel and appoints the Trust as lead plaintiff in this action.

"Once the Court has determined the most adequate plaintiff, that plaintiff 'shall, subject to the approval of the court, select and retain counsel to represent the class." *Mart*, 2021 WL 321624, at *2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(v)). "The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests

of the class." *Id.* The Trust has selected the law firm of Levi & Korsinsky, LLP to serve as lead counsel for the putative class with Wolf Haldenstein, the firm previously approved as lead counsel, serving as liaison counsel. Unopposed Mot. at 3; *see* ECF No. 21 at 15-16. The Trust has submitted the firm resume of Levi & Korsinsky demonstrating its extensive experience in securities litigation. Based on the evidence before the Court, Levi & Korsinsky is well qualified to represent the putative class. Accordingly, the Court also approves the Trust's selection of Levi & Korsinsky. Levi & Korsinsky is substituted for Wolf Haldenstein as lead counsel and Wolf Haldenstein shall serve as liaison counsel.[2]

Should the Trust be appointed as the new lead plaintiff and its selection of counsel be approved, the Trust has requested an extension of the existing deadlines for filing an amended complaint and Defendants to answer or otherwise respond to that pleading so that it "may get up to speed on the investigation." Unopposed Mot. at 3; *see generally* ECF No. 59. In consultation with the chambers of the presiding district judge, the Honorable Patrick J. Schiltz, Chief District Judge for the United States District Court for the District of Minnesota, the Court will grant an extension of those deadlines as set forth below. **The parties are cautioned, however, that no further extensions will be granted.**

---

[2] First, the Court notes that Levi & Korsinsky has not yet appeared in this action. Counsel shall take immediate action to enter notices of appearance in this matter and, if necessary, seek temporary admission *pro hac vice* in accordance with D. Minn. LR 83.5(d). *See* Unopposed Mot. at 8 (noting intention to apply for *pro hac vice* admission). Second, while there is a notation under the signature block for the Trust's current local counsel (Reinhardt, Wendorf & Blanchfield) indicating that such counsel is the proposed liaison counsel for the class, Unopposed Mot. at 8, Wolf Haldenstein has confirmed via e-mail that this notation was in error and it will remain as liaison counsel.

## III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Unopposed Motion to Substitute Lead Plaintiff and Lead Counsel and for Extension of Time, ECF No. 60, is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Terry and Diane Van Der Tuuk Living Trust is substituted for Gary Schaedel and appointed to serve as lead plaintiff in this matter.

3. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the law firm of Levi & Korsinsky, LLP is substituted for Wolf Haldenstein Adler Freeman & Herz LLP and approved as lead counsel. Wolf Haldenstein Adler Freeman & Herz LLP shall serve as liaison counsel.

4. Plaintiff shall file an amended complaint on or before **December 15, 2023**.

5. Defendants shall file a motion to dismiss or otherwise respond to the amended complaint on or before **March 8, 2024**.

6. If Defendants file a motion to dismiss, Plaintiff shall file any opposition to the motion to dismiss on or before **April 19, 2024**.

7. If Plaintiff files an opposition to the motion to dismiss, Defendants shall file any reply to the opposition on or before **May 31, 2024**.

8. The hearing on any motion to dismiss will take place before Chief Judge Schiltz, on **June 14, 2024, at 8:30 a.m.**, in Courtroom 15 of the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Dated: November  13 , 2023

            *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Perez v. Target Corp. et al.*
Case No. 23-cv-769 (PJS/TNL)